BUEHLER *et al.* v. REICH.

*(Common Pleas of New York City and County, General Term.   March 7, 1892.)*

1. QUALIFICATIONS OF EXPERT—OPINIONS OF OTHER EXPERTS.
    In an action to recover the value of services rendered as an electrician, in which the evidence of an alleged expert has been received as to such value, the qualifications of such witness to testify may be tested by the opinions of other expert electricians.

2. ACTION FOR SERVICES—COMPARING CHARGES OF OTHERS.
    In such action the testimony of an electrician as to the value of work done by him in the same premises before that of plaintiff, sought to be introduced as a basis of comparison between the charges of two workmen, was properly excluded, in the absence of anything to show that the work in each case was enough alike to afford such basis.

Appeal from city court, general term.

Action by Joseph Buehler and another against Lorenzo Reich to recover for services as electrical engineers. From a judgment for plaintiffs, defendant appeals.

Argued before DALY, C. J., and BISCHOFF, J.

*Abram Kling*, for appellant.　*Adolph L. Sanger*, for respondents.

DALY, C. J.　This appeal comes up on a bill of exceptions presenting two alleged erroneous rulings of the trial court in the admission and rejection of evidence.　The plaintiffs having introduced evidence to maintain the issues on their part, the defendant called one Doyle to prove the value of the work which was the subject of controversy.　He testified that he was an engineer, and that in a general way his experience as a civil engineer had been in all classes of engineering,—what he called "mechanical engineering,"—and that he was familiar with electrical engineering in all its branches; that he had examined the work; and that it was worth $120 to do it.　He admitted that he had to guess at the value of the switches and the price of the wire, and his cross-examination tended to show that he had no training as an electrician, and that he was wholly unfamiliar with electrical science.　The defendant having called one Noll, an expert electrician, to further maintain his defense, Noll was asked upon cross-examination whether he had heard the testimony of Doyle, and what he thought of him as an electrical expert engineer, to which Noll answered, "Well, he is not an electrical expert."　Appellant claims that the admission of this testimony was error; that the question of the value of the work was not one of science; that the query put to the witness invaded the province of the jury, and was also an attempt to introduce the opinion of one witness as to the value of evidence of another witness; quoting on this point *Association* v. *Cronin*, 4 Allen, 141, holding it error to ask a witness called by one party whether he considered his judgment as good as that of an expert called by the other side; and *People* v. *Webster*, (Sup.) 13 N. Y. Supp. 414, holding in a trial for murder, where lay witnesses had testified to acts and conversations of the prisoner which they characterized as irrational, that it was prejudicial error to permit a medical witness to testify that people are very much given to exaggerating either their own symptoms or those of their friends.　The testimony which the witness Doyle gave as to the value of the plaintiffs' work in making additions or alterations to electric-light machinery already in the premises involved a question of trade, science, and skill, and whether such testimony showed that Doyle possessed science and skill sufficient to enable him to form a judgment was a matter upon which acknowledged experts in the business of electric light might well have an opinion, the benefit of which either party was entitled to.　It was not invading the province of the jury to elicit such opinion, for they had to know what Doyle's judgment upon the value of another man's work was worth, and they would be better enlightened on that point by the opinion of acknowledged experts than by his cross-examination upon matters of science, with which laymen are not expected to be familiar.　If the claims of a mere charlatan or pretender could not be the subject of opinion of acknowledged scientists, then the most direct, forcible, and convincing evidence of sham and pretensions would be excluded from the jury.　"The value of expert testimony will depend on the experience and knowledge which the witness has evinced concerning the matter about which he testifies."　Rog. Exp. Test. 490.　The question as to how much knowledge and experience is evinced by the witness on his examination must in all cases of science and skill be the subject of opinion by acknowledged experts.　This was not a case where one witness was permitted to give an opinion as to the value of the testimony of another witness, but where the claim of a witness to the possession of science and skill is submitted to scientific judgment and experience.　The qualifications of one medical expert may be testified to by another medical expert, to confirm the opinion advanced by the former.　*Laros* v. *Com.*, 84 Pa. St. 208.　The competency and skill of persons engaged in particular employments are frequently the subject of judicial inquiry, and

the opinions of persons qualified to give it, as to such skill and competency, must from the necessity of the case be received. There does not seem to be any good reason for excluding such opinions with regard to witnesses who assume to be competent to speak with authority upon questions of skill and science. The text-books seem quite clear that such opinions may be given where the competency of an expert offered as a witness is under consideration. "The court is at liberty to examine other witnesses to aid it in determining whether he is qualified to draw correct conclusions upon questions relating to the science or trade in relation to which he is examined. * * * The witness is usually allowed, after slight evidence as to his qualifications has been given, to testify in the character of an expert, it being left to counsel on the cross-examination and otherwise to show the absence of the qualifications, and the consequent worthlessness of his testimony." Rog. Exp. Test. § 17. The rule is thus stated by Lawson: "The qualifications of persons offering themselves as experts may be tested by the opinions of others in the same calling." Lawson, Exp. Ev. 236. It would seem, therefore, upon reason and authority, that the allowance of the testimony objected to was improper. The second and last exception is to the exclusion of the testimony of the witness Noll as to the value of the work which he had done in defendant's premises previous to the plaintiffs' work. This did not call for an opinion as to the value of the work which was the subject of this action, but was offered as a basis of comparison between the plaintiffs' charges and the amount which the witness thought reasonable for other work done by other parties. There is nothing in the case to show that the work in each case was so much alike that there was any basis of comparison; so that, even if such evidence were proper to institute comparison, exclusion of the testimony was not error. The judgment should be affirmed, with costs.